## Case No. 2,182.

### In re BURNS.

[1 N. B. R. 174; Bankr. Reg. Supp. 38; 7 Am. Law Reg. (N. S.) 105; 3 Pittsb. Rep. 107; 6 Phila. 448; 6 Int. Rev. Rec. 182; 24 Leg. Int. 357; 1 Am. Law T. Rep. Bankr. 47; 15 Pittsb. Leg. J. 17.] [1]

District Court, W. D. Pennsylvania. 1868.

INJUNCTION TO STATE COURTS—VALIDITY OF JUDGMENT.

1. The principle decided in Campbell's Case that the district courts of the United States have no power to issue injunctions to state courts, affirmed.

> [Cited in Campbell's Case, Case No. 2,349; Clark v. Binninger. 38 How. Pr. 341; Hudson v. Schwab. Case No. 6,835. Followed in McKinsey v. Harding, Id. 8,866.]
> [See note at end of case.]

2. A judgment cannot be assailed in the bankrupt court, but the assignee and creditors must resort to the state court, to test its validity.

> [Cited in Clark v. Binninger. 38 How. Pr. 341. Cited, but not followed, in Stuart v. Hines, 33 Iowa, 60.]

[In bankruptcy. In the matter of William Burns, one of the firm of S. & M. Burns. Motion by the First National Bank of Clarion and by the sheriff of Jefferson county to dissolve an injunction previously granted, restraining further proceedings on a judgment recovered by the bank against the bankrupt. Motion granted.]

Mr. Purviance, for Clarion Bank.

Mr. Marshall, for sheriff of Jefferson county.

Mr. Shiras, for bankrupt and general creditors.

McCANDLESS. District Judge. This case was argued at the same time with that of Hugh Campbell [Case No. 2,349], and the principal point presented has been there decided. It differs in this—Burns is a voluntary bankrupt. His petition was filed on the 31st of July, 1867, and he was duly adjudged a bankrupt. The First National Bank of Clarion, a creditor of the firm of which the bankrupt was a partner, on the 18th of July, 1867, obtained judgment on warrant of attorney dated 9th of July of the same year, for the sum of $10,300. A fi. fa. was issued, and a levy made by the sheriff of Jefferson county on merchandise and lumber, at what date from the imperfection of the paper book this court is unable to say, but prior in date to the commencement of the proceedings in bankruptcy. It

---

[1] [Reprinted from 1 N. B. R. 174, by permission. 1 Am. Law T. Rep. Bankr. 47, contains only a partial report.]

was alleged at the argument that the note, of which this judgment is predicated, was given under promise not to sue out a writ of execution, but to be held as a security, and to afford the firm of which the bankrupt was a partner, an opportunity to make some arrangement with their creditors. That in violation of this agreement, and in fraud of the 35th section of the bankrupt law, the judgment was entered, execution was issued, and levy made. Before the date fixed by the sheriff for his sale, we were asked, by petition, to enjoin the Clarion Bank and the sheriff from proceeding further with their writ, and directing them to deliver the property upon which the levy was made, to the assignee in bankruptcy. This we did, at the same time admonishing the counsel of our doubts entertained as to the power of this court, and suggesting a motion to dissolve, which was granted. Upon this point they have been fully heard, and the question has been decided to-day in Campbell's Case [Case No. 2,349].

It was urged with great force and ability by the counsel for the bankrupt that we were bound to interfere by injunction, because this was not a valid judgment. But how do we know that? It is entered in a court of competent jurisdiction, whose authority it is our duty to respect. If it is fraudulent or void, under the bankrupt law, it is the province of the assignee in bankruptcy, who stands in the attitude of a defendant, to see, in that forum, that no injustice is done to the general creditors. By the first section of the fourth article of the constitution of the United States, it is declared "that full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state;" and this is equally binding on the courts of the United States. We must therefore refer the assignee in bankruptcy, as the representative of the defendant, and of all the creditors, to the court of common pleas of Jefferson county. Injunction dissolved.

[NOTE. Rev. St. § 720, provides as follows: "The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a state except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy."]